UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ENCOMPASS INSURANCE COMPANY, as      :
subrogee of Juan Polanco and Martina  :
Fernandez,                            :          Civil Action No. 07 CV 3857
                Plaintiff,        :
                           :          **ANSWER**
    -against-                        :
                           :
DE LIMA CONTRACTORS, INC., GENE DE   :
OLIVEIRA, Individually, and d/b/a    :
OLIVEIRA CONTRACTING and ALBERT
PALANCIA AGENCY, INC.

                Defendants.
-------------------------------------------------------------x

       Defendant Gene De Oliveira, Individually, and d/b/a Oliveira Contracting ("Oliveira"),

by his attorneys, Law Offices of John Phelan, LLC, as and for its Answer to the Complaint,

alleges as follows:

## THE PARTIES

1.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 1 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 3 of the Complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph 4 of the Complaint.

    5.    Admits the allegations contained in paragraph 5 of the Complaint.

6.    Admits the allegations contained in paragraph 6 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Admits the allegations contained in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.    With respect to the allegations contained in paragraph 12 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth of the allegations that this Court has personal jurisdiction over Oliveira in this action.

13.    With respect to the allegations contained in paragraph 13 of the Complaint, admits that this District is a proper venue for this action.

## FACTUAL ALLEGATIONS

14.    In response to paragraph 14 of the Complaint, repeats and realleges his responses to paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.    Admits the allegations contained in paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.    Admits the allegations contained in Paragraph 19 of the Complaint with respect to the terms of the Contract.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Admits the allegations contained in paragraph 21 of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.    Admits the allegations contained in paragraph 24 of the Complaint.

25.    Admits the allegations contained in paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint

29.    Admits the allegations contained in paragraph 29 of the Complaint.

30.    Admits the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Admits the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
## AGAINST DEFENDANTS DELIMA AND OLIVEIRA

39.     In response to paragraph 39 of the Complaint, OLIVEIRA repeats and realleges his responses to paragraphs "1" through "38" of the Complaint as if fully set forth herein.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
## AGAINST ALL DEFENDANTS

44.    In response to paragraph 44 of the Complaint, OLIVEIRA repeats and realleges his responses to paragraphs "1" through "43" of the Complaint as if fully set forth herein.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46 of the Complaint.

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.


## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT
## AGAINST DEFENDANTS DELIMA AND OLIVEIRA

52.    In response to paragraph 52 of the Complaint, OLIVEIRA repeats and realleges his responses to paragraphs "1" through "51" of the Complaint as if fully set forth herein.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION
## MISREPRESENTATION AND FRAUDULENT INDUCEMENT
## AGAINST ALL DEFENDANTS

57.     In response to paragraph 57 of the Complaint, OLIVEIRA repeats and realleges his responses to paragraphs "1" through "56" of the Complaint as if fully set forth herein.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.    Denies the allegations contained in paragraph 66 of the Complaint.

67.    Denies the allegations contained in paragraph 67 of the Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If plaintiff or plaintiff's subrogee have sustained any injuries and damages as a result of the matters as alleged in the Complaint, then such injuries and damages resulted from plaintiff's or plaintiff' subrogee's own culpable conduct, and if recoveries are to be had in this action, such recovery must be reduced in proportion to which plaintiff or plaintiff's subrogee's own culpable conduct caused or contributed to their damages.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's action is barred due to the application of the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because plaintiff has failed to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed because the doctrine of assumption of the risk acts as a bar to any recovery.


## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate its damages.


## AS AND FOR A CROSS CLAIM AGAINST
## THE DEFENDANT DE LIMA CONTRACTORS INC.
## DEFENDANT OLIVEIRA,
## RESPECTFULLY ALLEGES:

If plaintiff or plaintiff's subrogee was caused to sustain damages at the time and place set forth in plaintiff's Complaint through any negligence, carelessness, recklessness and/or breach of contract other than the plaintiff's own carelessness, recklessness and negligence, said damages were sustained by reason of the carelessness, recklessness and negligence and/or acts of omission or commission and/or breach of contract and if any judgment is recovered herein by the plaintiff against defendant, OLIVEIRA, they will be damaged thereby, and defendant, DE LIMA CONTRACTORS, INC. is or will be responsible therefore in whole or in part.


## JURY DEMAND

Defendant, OLIVEIRA, demands a jury on all issues herein stated.

**WHEREFORE**, Defendant demands judgment as follows:

a)      The causes of action as against Defendant, OLIVEIRA, be dismissed;

b)      Judgment be awarded to Defendant, OLIVEIRA, based upon the affirmative defenses;

c)      Any recovery awarded to Plaintiffs be diminished in proportion to which Plaintiff's own culpable conduct contributed to their claimed damages; and

d)      Such other relief as the Court deems proper.

Dated:  Yonkers, NY
   October 22, 2007

         LAW OFFICES OF JOHN J. PHELAN, LLC

         By:_____
           **Joshua Martin ( JM- 2877)**
           **Attorneys for Defendant**
           **GENE DE OLIVEIRA and**
           **d/b/a OLIVEIRA CONTRACTING**
           955 McLean Avenue
           Yonkers, New York 10704
           (914) 237-5223

TO:     COZEN O'CONNOR
John Galligan, Esq. (JG-1589)
Attorneys for Plaintiffs
45 Broadway, 16th Floor
New York, New York 10006
Telephone: (212) 908-1276
Fax: (212) 509-9492